UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT CARL JOHNSON,

   Plaintiff,

    v.         CAUSE NO. 3:23-CV-689-PPS-AZ

SOUTH BEND COMMUNITY REENTRY
CTR., SUPERVISOR DOC, UNIT TEAM,
BROSS, BOWEN, MACMILLAN,
UNKNOWN RESIDENT, K. HILL,
WELLS, PEKINS, and INDIANA
DEPARTMENT OF CORRECTION,

   Defendants.

OPINION AND ORDER

Robert Carl Johnson, a prisoner without a lawyer, filed a second amended complaint alleging he was removed from his job at Goodwill Industries and transferred from the South Bend Community Re-Entry Center to the Westville Correctional Facility. [ECF 12.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges both his job loss and his transfer violated prison policy. But, a violation of prison policy is not the basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). "By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right." *Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) (citation omitted). Therefore, any alleged violations of prison policy do not state a claim unless those violations also violate a federal constitutional right. Here, they do not.

"[B]ecause prisoners do not have a property interest in their employment, his job loss c[an] not be the basis of the claim." *Stankowski v. Carr*, No. 23-2458, 2024 WL 548035, at *1 (7th Cir. Feb. 12, 2024) *citing DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). So too, it is well-settled in the Seventh Circuit that "inmates do not have a protected liberty interest in a particular security classification." *Healy v. Wisconsin*, 65 F. App'x 567, 568 (7th Cir. 2003); *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) ("A prisoner has no due process right to be housed in any particular facility"); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property [interests] in their classifications and prison assignments").

Johnson lost his job after his urinalysis tested positive for alcohol. He says the sample was contaminated with hand sanitizer, but he was found guilty anyway. He argues the defendants knew the hand sanitizer caused the positive result because he told them that is what happened. Speculation is insufficient because a complaint must

2

contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It is not a reasonable inference that the defendants knew he was innocent merely because he told them the positive result was caused by hand sanitizer. "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Johnson also wants to sue because he was accused of violating community re-entry center rules. The director of Goodwill Industries reported that "they found a cup of liquid that smelled like alcohol [and t]hey do not want [Johnson] back here at Goodwill." [ECF 12-1 at 7.] Johnson was found not guilty because of a "lack of evidence." *Id*. at 8. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Johnson received due process and was found not guilty.

This complaint does not state a claim for which relief can be granted. Though it seems unlikely that he can do so, if Johnson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended

complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

For these reasons, the court:

(1) GRANTS Robert Carl Johnson until **September 16, 2024**, to file an amended complaint; and

(2) CAUTIONS Robert Carl Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 14, 2024.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

4